## LAWRENCE et al. v. ANDERSON.

District Court, S. D. New York.

Nov. 18, 1936.

Allen Evarts Foster, of New York City (Harry J. Rudick, of New York City, of counsel), for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (Robert E. Pratt, Asst. U. S. Atty., of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This action was brought by the executors of the estate of John Burling Lawrence, deceased, who died March 4, 1929, to recover the sum of $3,248.64 with interest from February 28, 1930, on the ground that said sum was erroneously collected as an estate tax.

The securities transferred by the decedent and which the Commissioner of Internal Revenue found constituted part of his gross estate were as follows:

| | |
|---|---:|
| On March 12, 1927, to his wife Margaret A. Lawrence | $133,711.86 |
| On April 6, 1927, to his wife's granddaughter, Anne Lawrence Wisner | 5,979.53 |
| On April 6, 1927, to his wife's daughter Ruth Wisner | 32,763.75 |
| On April 6, 1927, to Ruth Wisner's husband Roger Wisner | 10,850.00 |
| | $183,305.14 |

The law applicable is section 302(c) of the Revenue Act of 1926 (44 Stat. 70). The decedent at the time of the transfers was eighty-two years of age. Section 302 (c) of the Revenue Act of 1926 contained a provision which created an irrebuttable presumption that transfers like the one before the court were made in contemplation of death. The case of Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772, is authority for the fact that this irrebuttable presumption was unconstitutional. In view of that case, it becomes necessary to determine what proof there is with respect to whether or not these transfers were made by the deceased in contemplation of death.

The plaintiff claims the defendant has the burden of proof. The defendant claims that although section 302(c) of the Revenue Act of 1926 was held to be unconstitutional because of the irrebuttable presumption in that section, nevertheless the burden of proof did not shift and still remained with the plaintiff.

The plaintiff called as its main witness an attorney, Lucius H. Beers, who testified that he knew the deceased for many years, that his first wife died and he married his second wife, he thought, in 1925; but the actual fact was they were married on January 6, 1923. This attorney was counsel for the executors of the estate of the first wife. The deceased also had a brother, Emlen Newbold Lawrence, who died in August, 1925, and this attorney was one of the executors of that estate. Mr. Beers came in close contact with the deceased during the winding up of these estates, talked with him many times about the matters connected with the properties, and apprised the deceased during his lifetime upon questions of taxes relating to these two estates.

This attorney testified that the deceased received from his brother's estate approximately $450,000. The properties in question were transferred from the deceased's personal estate, and not from the properties received from his brother's estate.

If the deceased had transferred any portion of the estate he inherited from his brother, Emlen Newbold Lawrence, it is conceded that none of it could be taxed at the time of the death of the deceased. The attorney was not present when the deceased made the transfers in question and could not recall whether he was consulted by the deceased with respect to these transfers.

The government on the other hand called as its only witness, Grace E. Richardson, a graduate registered nurse for twenty-eight years, who was employed by the deceased in February, 1923, as his nurse and whose term of employment expired March 4, 1929, the date of his death.

The deceased, she states, was an invalid and she was with him constantly from 1923 until he died. She commenced her employment with him because of an attack the deceased had at that time. It developed later in the nurse's testimony that the deceased had frequent attacks of angina pectoris which would stimulate tox-

ic poisoning. He also had high blood pressure, intestinal and liver trouble which aggravated the heart condition.

These were the only witnesses at the trial. None of the persons receiving the gifts testified. There is some proof that the deceased made other transfers or gifts on December 25, 1927.

The court has carefully read the very illuminating decision in the leading case of United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867, but the case at bar is clearly distinguishable from that one. In United States v. Wells, there was proof that the donor believed that, although he had been ill, he was entirely cured. During the course of his lifetime, he had set up a system of disposing of his property to his family for upwards of twenty years because he believed that in making disposition of property from time to time he would be able to see during his lifetime what his children accomplished with the gifts and then he would know when his time was up what he ought to do with the balance.

■ What is meant by the words "in contemplation of death" is determined by the state of mind of the donor at the time they were made. If his purpose is to obtain some object desirable to him as distinguished from the disposition of his property at the time of his death, the gift is not of the character to be taxable.

■ In determining whether or not the deceased made the transfers of his property in contemplation of death within the meaning of section 302(c) of the Revenue Act of 1926, the physical condition of the decedent at the time of the transfers is very important. The only evidence adduced at the trial indicated from the nurse's testimony was that the deceased's physical condition was very poor and had been for quite some time, the deceased having had frequent heart attacks, high blood pressure, liver and intestinal trouble, and requiring the services of a nurse continually. The nurse stated that the deceased moved around like an invalid and she had to be with him constantly, being compelled to take care of him during the middle of the night. There is no proof by the plaintiff to rebut this nurse's testimony.

What actually motivated the decedent in making these transfers is not found in any direct testimony and there is no proof by the plaintiff to rebut the testimony of the nurse that from 1927 on the decedent's condition became *progressively worse.* The deceased's age and the state of his health must be considered as vitally important in attempting to read the donor's mind at the time he made the transfers in question.

In view of the proof adduced before the court, it is inescapably concluded that the decedent made these transfers in contemplation of death.

Accordingly, let judgment be entered for the defendant.